THE MIDDLETOWN LUMBER CO. *v.* MARTIN ET AL.

*Negotiable instruments — Note executed by partnership — Renewal note given after partner retires — Liability of retiring partner — Cross-examination — Defaulting defendant may be called by plaintiff, when — Section 11497, General Code.*

1. A partnership consisting of three members gave a note in payment of an account for materials furnished in the construction of a building. Subsequently one of the partners retired and one of the remaining partners signed the partnership name to a renewal note which was accepted by the original creditor. *Held:* The retiring partner is liable on the renewal note, as the remaining partner had authority to sign the partnership name and the original creditor was without notice of the dissolution of the partnership. *(Palmer* v. *Dodge,* 4 Ohio St., 21, distinguished.)

2. A defendant in a civil action, who files no pleading or answer and makes no defense, may be called by plaintiff for cross-examination, under Section 11497, General Code.

(Decided May 10, 1918.)

ERROR: Court of Appeals for Butler county.

*Mr. C. D. Boyd,* for plaintiff in error.
*Mr. W. C. Shepherd,* for Richard L. Dawson.

HAMILTON, J. The plaintiff brought suit against the defendants John Martin, Will C. Martin and Richard L. Dawson, partners doing business by the style and firm name of Martin Brothers & Company, on a promissory note of which the following is a copy:

"$1500.00

"MIDDLETOWN, OHIO, *March 1st, 1913.*

"Sixty Days after date, we, or either of us, promise to pay to the order of The Middletown Lumber Co. ........ One Thousand Five Hun-

dred and ........ 00/100 Dollars. Negotiable
and payable at The First National Bank, of Mid-
dletown, Ohio, for value received, with interest at
Six (6) per cent. per annum, from date until
paid. The drawers and endorsers severally waive
presentation for payment, protest, and notice of
protest and non-payment of this note.

"MARTIN BRO'S & CO.,
"per W. C. Martin.
"No. ...... Due Apr. 30."

Plaintiff asked judgment against said defendants
and each of them for the amount of the note, with
interest and costs.

None of the defendants answered with the ex-
ception of Richard L. Dawson, who, by his answer,
denied the partnership at the time of the execution
of the obligation; denied any liability on the note;
denied the authority of Will C. Martin to execute
the note; and denied that there was any considera-
tion given for the note.

To this answer the plaintiff replied by way of
general denial.

The case was tried to a jury, which made a
special finding that R. L. Dawson was not at the
date of said promissory note a member of the firm
of Martin Brothers & Company, and rendered a
verdict in favor of the plaintiff against the defend-
ants, Martin Brothers & Company, for the full
amount claimed in the petition. A motion for new
trial was made, and overruled, and judgment was
entered on the verdict in favor of plaintiff against
Martin Brothers & Company for the amount

claimed in the petition; and in favor of R. L. Dawson, one of the defendants.

To reverse that judgment the petition in error is filed in this court. Several grounds of error are set forth, but four of which are urged as grounds for reversal:

1. Error in the general charge of the court, to which general exceptions were taken at the time.

2. The refusal of the court to permit plaintiff to examine the defendant, John Martin, as upon cross-examination.

3. That the forms of verdict submitted and returned were improper and not according to law; and,

4. The verdict and judgment are against the weight of the evidence.

The evidence shows that the note sued upon was a second renewal of an original note, which had been given to cover an account for material used by Martin Brothers & Company on three jobs of work in Middletown, Ohio. One of the three jobs, and the first one begun, was known as "the Middletown library job." The evidence further shows, and it is so admitted, that R. L. Dawson was a partner in the contract for this job known as "the library job." It is further admitted that Dawson is the only defendant who is financially responsible, the other defendants and the company being wholly insolvent. It is further admitted that a part of the consideration for the note sued upon, $226.64, was a balance of the account for materials furnished the defendant as a partnership. The evidence further shows that the plaintiff knew that Dawson was a member of the

partnership when the account for materials used in the library building was opened.

Counsel for defendant Dawson contended in the trial of the case that it was incumbent upon plaintiff to prove that he, Dawson, was a partner at the time of the execution of the renewal note sued upon, and the court so charged; counsel further contended that the defendant Will C. Martin had no authority to sign the note.

We are of the opinion that Will C. Martin had authority to sign the note in question binding the partners, at least in so far as the library account was concerned, unless there had been a dissolution of the partnership and the fact of such dissolution had been brought to the knowledge of the plaintiff creditor. While the petition stands on the allegation that the defendants were partners at the time of the execution of the note sued upon, and plaintiff is bound by that allegation, the fact is admitted that Dawson was a partner when the library account was made, and there is no evidence showing a dissolution of that partnership prior to or at the time of the execution of the note in question, nor is there anything to show that plaintiff had any knowledge of any such dissolution. Plaintiff was therefore justified in relying upon the partnership, in the absence of such knowledge, in accepting the renewal note. In the case of *Palmer* v. *Dodge,* 4 Ohio St., 21, the court say, in the first paragraph of the syllabus:

"Held: That the dissolution of the partnership worked an absolute revocation of all implied authority in either of the partners to bind the other to new engagements, contracts, or promises, made

to or with persons having notice of the dissolution, although springing out of, or founded upon, the indebtedness of the firm."

It is therefore clear that in the absence of such notice the partnership would be bound by new engagements, contracts or promises entered into by one partner concerning the debts of the partnership, such as the execution of the renewal note for the partnership debt in the instant case.

Further, the evidence clearly shows that the considerations for the note now in question are separate and distinct and there can be no question as to the liability of Dawson, as a partner, for the library account, and for that reason, if for none other, he was not entitled to judgment in this action. In the case of *Wilson* v. *Forder,* 20 Ohio St., 89, at page 96, the court say:

"The considerations entering into the note now in question, are separate and distinct; and we see no good reason why the note may not be regarded as divisible, and held valid to the extent that the firm debts constituted the consideration, and invalid as to the residue."

In its charge the trial court charged the jury as follows:

"The plaintiff says that at the date of this note, March 1, 1913, that there was a firm known as Martin Brothers and Company, and that it was composed of John Martin, W. C. Martin and Richard L. Dawson. * * *

"Now Richard L. Dawson denies that there was a partnership existing between himself and John Martin and Will C. Martin at that time, doing business under the name of Martin Brothers and

Company. So that makes an issue, gentlemen, for you to determine from the evidence. You are to determine that issue.

"The question is, was there a partnership at that time, known as Martin Brothers and Company and composed of John Martin, Will C. Martin and Richard L. Dawson? That is one question for you to determine in this case."

This charge was given without explanation or qualification, and is therefore misleading and erroneous. The court in that connection should have explained the separate and distinct considerations entering into the note, in view of the admitted fact that the library account was a partnership account, and the effect of any dissolution of the partnership and notice of the same to the plaintiff as affecting the rights of the parties, since the very question as to the right of plaintiff to rely upon the partnership at the time it took the note in question depended in part upon the obligation of Dawson as an admitted partner with reference to the library account.

Plaintiff further complains of error in the refusal of the court to permit the cross-examination of one of the defendants, John Martin, called by plaintiff for that purpose. The objection made to the calling of John Martin for this purpose was on the ground that Martin was making no defense, had filed no answer or pleadings, and was not such a party as under the contemplation of the statute could be called for that purpose. The court sustained the objection and refused the right of plaintiff to cross-examine defendant John Martin. This was error. Section 11497, General Code, provides:

"At the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness."

The action was against the defendants including John Martin on an overdue promissory note signed by the company of which he was an admitted partner, on which there was default of payment. This was certainly an adversary proceeding, and the fact that John Martin filed no pleading could not take away the adverse character of the action. He was called by the *adverse party* for cross-examination, and plaintiff was within its rights in so doing.

The forms of the verdict are complained of, but no objection or exception was taken at the time, and we therefore make no finding as to them.

For the errors above stated the judgment is reversed and the cause remanded.

*Judgment reversed, and cause remanded.*

JONES, P. J., and WILSON, J., concur.